THE STATE v. COOK.

Bastardy proceedings: JURISDICTION. The district court has not original jurisdiction in bastardy proceedings. The jurisdiction belongs to the circuit court.

*Appeal from Iowa District Court.*

WEDNESDAY, JUNE 14.

A PROCEEDING was instituted in the district court, charging defendant with being the father of an illegitimate child, and, on motion of defendant, was dismissed on the ground of want of jurisdiction. The State appeals.

*H. O'Connor*, Attorney-General, *Wm. G. Thompson*, district attorney, for the State.

*Martin & Murphy* for the appellee.

BECK, J. — This proceeding was instituted under the provisions of chapter 58 of the Revision. We are to determine whether, under the different changes of the law, the district court has acquired jurisdiction of this class of cases. Under the Revision, the county court had jurisdiction in proceedings for bastardy, with an appeal to the district court.

By the act creating the circuit courts (Acts 12th Genl. Ass. ch. 86), they are clothed with jurisdiction of all actions and proceedings which the county judges or county courts were theretofore authorized to determine. It is not disputed that, prior to the act of April 15, 1870 (chap. 153, Acts 13th Genl. Ass.), the circuit courts had jurisdiction in bastardy cases.

Does this act bestow original jurisdiction in these cases

upon the district courts and take it away from the circuit courts?

Section 2 of the act in question, under which it is claimed the district court acquires jurisdiction, is in these words: " Said courts (circuit courts) shall have exclusive jurisdiction in all appeals and writs of error, from inferior tribunals, in civil cases; but the district court shall have exclusive jurisdiction in appeals from inferior tribunals in criminal cases: *Provided*, that, for the purposes of this section, all actions arising under the provisions of chapters 58 and 184 of the Revision of 1860 shall be deemed criminal.

The language of this section, in express terms, limits its effect to appeals. It does not regulate the original jurisdiction of the respective courts, and it cannot, therefore, be claimed that their original jurisdiction is either enlarged or restricted by it.

The counsel for the State support their views by reference to the language of the proviso contained in the section under consideration. Its language is, " that for the purposes of this section all actions arising under chapters 58 and 134 of the Revision of 1860 shall be deemed criminal." What are the purposes of this section? As we have just seen they are to regulate the jurisdiction of the respective courts in cases appealed from inferior tribunals. The regulation of original jurisdiction is not within its purposes. Therefore, neither the whole section nor the proviso at all changes the jurisdiction of the courts, in original proceedings. It is well remarked in the opinion of the district judge who rendered the decision appealed from in this case, that " to hold that the proviso gives original jurisdiction to the district court makes the proviso broader than the section itself." The legislature cannot be charged with such unusual use of language.

We are of the opinion that the circuit courts are not deprived of jurisdiction in bastardy cases by the act under consideration. The question whether an appeal lies from those

courts in this class of cases to the district courts is not now before us, and need not be considered and determined.

Affirmed.